CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
02/02/2026
LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MIA TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:26-cv-00011 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| KEVIN MCCLANAHAN, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Mia Tucker moves for leave to proceed *in forma pauperis* (ifp) under 28 U.S.C. § 1915(a)(1). For the reasons that follow, the court will grant Tucker's motion for leave to proceed ifp (Dkt. No. 2), but it will sua sponte dismiss her complaint for failure to state a claim, with leave to file an amended complaint.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Twenty-eight U.S.C. § 1915, "is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'"  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).  A litigant may obtain ifp status by filing an affidavit containing a statement of assets and demonstrating that the litigant cannot afford to pay the required fees of the lawsuit.  28 U.S.C. § 1915(a)(1).

Tucker has provided the court with an affidavit containing information about her financial circumstances, and that information demonstrates to the court her inability to provide for the necessities of her life if required to pay the filing fee for this lawsuit.  Therefore, the court will grant her leave to proceed ifp.

## II.  SUA SPONTE DISMISSAL

The ifp statute also provides that "the court shall dismiss the case at any time if the court determines that. . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The same standard that governs motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) governs sua sponte dismissal pursuant to § 1915(e)(2)(B)(ii).  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

Plaintiff's complaint must include a "short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This does not mean that she needs to provide "detailed factual allegations," but the rule does require her to plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Tucker's complaint is so brief and conclusory that it is impossible to know what claim she is bringing or the context of any such claim.  The complaint names a defendant, Kevin Mcclanahan, but the only factual allegations included are the following two lines of text:

1. Defendant, in numerous occasions, had ex parte communication [sic], [and]
2. Defendant should be subjected to impeachment.

(Compl. 1, Dkt. No. 1.)  Tucker also "demands $100,000" and includes a certification that the complaint complies with Federal Rule of Civil Procedure 11.

These allegations do not permit the court to draw the "reasonable" inference that defendant is liable for the misconduct alleged. Based on the references to ex parte communication and impeachment, the court presumes that defendant is a judge, but Tucker's allegations do not explain the context of the alleged "ex parte communication[s]" or present any other reasons to support "impeachment," which is a remedy this court cannot provide regardless.[1]

For these reasons, the court will dismiss this action without prejudice for failure to state a claim with leave to file an amended complaint.

### III.  CONCLUSION AND ORDER

For the reasons stated in this opinion, it is hereby ORDERED that Tucker's motion to proceed ifp (Dkt. No. 2) is GRANTED. It is further ORDERED that Tucker's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim. If Tucker wishes to file an amended complaint, she must do so no later than twenty-one (21) days from the date of this order. Any amended complaint should clearly set forth what legal claim(s) she is asserting and shall contain factual allegations supporting each claim.

The Clerk shall provide a copy of this memorandum opinion and order to Tucker.

Entered: February 2, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[1] The court has not been able to locate a Virginia court judge with defendant's name, spelled either McLanahan or McClanahan. Based on publicly available records, there is a Judge by the name of Kevin C. McClanahan who serves on the New York City Housing Court, and there is a Virginia judge named Robert McLanahan Smith, III, who sits on the Juvenile & Domestic Relations court in Norfolk. It is impossible to discern from the complaint whether either of these persons might be the intended defendant. If the defendant is a judge, it is also likely that he would have judicial immunity. *See generally Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (discussing the absolute defense of judicial immunity and the two limited exceptions in which it does not apply). Thus, any claim against the judge may be subject to dismissal for this additional reason.

3